**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Petitioner,**

        **v.**                                          **CASE NO. 22-3044-SAC**

**RYAN HAYDEN, et al.,**

                **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Habeas Corpus Rule 4, which governs petitions under § 2241, requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." After conducting this preliminary review, the Court concludes that this petition must be dismissed for the reasons stated below.

Petitioner, who is proceeding pro se, is a pretrial detainee being held at Shawnee County Jail facing state criminal charges in case number 2020-CR-2781. The petition alleges numerous improprieties in the ongoing state criminal case, including false testimony, fabricated evidence, ineffective assistance of defense counsel, and prosecutorial misconduct. (Doc. 1.)

As the Court has repeatedly explained to Petitioner[1], this

---

[1] Petitioner has repeatedly filed suit in this Court seeking the Court's intervention in Shawnee County case number 2020-CR-2781. Each of his previous actions was dismissed either under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), or as repetitive litigation. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC (dismissed Sept. 22, 2021); *Thomas v. Hill*,

Court is a federal court, so it may not interfere in ongoing state-court criminal proceedings except under very specific circumstances where the danger of "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971); *Ex Parte Royall*, 117 U.S. 241 (1886). Under *Younger*, the Court looks to see whether (1) the state criminal proceedings are ongoing, (2) the state criminal proceedings affect important state interests, and (3) the state courts provide a satisfactory opportunity for Petitioner to make his constitutional arguments. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If all three of these conditions are met, this Court may not interfere in the state-court case. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

As in Petitioner's previous federal cases, the three conditions are satisfied here: (1) the state criminal case against Petitioner is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and (3) the state courts provide Petitioner the opportunity—in district court, on appeal if he is convicted, and/or through postconviction motions if necessary—to present his challenges, including any federal constitutional claims. Therefore, this matter should be summarily dismissed without prejudice under *Younger*.

Usually, when preliminary review of a habeas petition shows that the Court must abstain under *Younger*, the Court will allow a

---

case number 21-cv-3200-SAC (dismissed Oct. 7, 2021); *Thomas v. Wright*, case number 21-cv-3201-SAC (dismissed Oct. 12, 2021); *Thomas v. Lee*, case number 21-3241-SAC (dismissed Nov. 5, 2021); *Thomas v. Kansas*, case number 22-3017-SAC (dismissed Jan. 25, 2022); *Thomas v. Lee*, case number 22-3033-SAC (Dismissed Feb. 24, 2022).

petitioner the opportunity to provide additional information or present argument why the Court should not abstain. As noted above, however, Petitioner is well aware of the *Younger* requirements and the Court has previously advised Petitioner:

> "[A]s long as the three *Younger* conditions are met and Petitioner is not in danger of great and immediate irreparable injury, this Court cannot become involved in Petitioner's state-court criminal case, number 2020-CR-2781. 'Repetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious.' [Citations omitted.] Thus, any future petitions Petitioner files in this Court that ask this Court to intervene in those state-court criminal proceedings on similar grounds will be subject to summary dismissal as repetitive and frivolous litigation." *Thomas v. Lee*, case number 2021-cv-3241-SAC, Doc. 8, p. 4-5.

The current petition once again asks this Court to intervene in ongoing state-court criminal proceedings under case number 2020-CR-2781. It does not, however, show that Petitioner is in danger of immediate and irreparable injury if this Court does not intercede. Nor does it reflect the type of extraordinary circumstances that might warrant the Court's intervention in ongoing state-court proceedings. *See Amanatullah*, 187 F.3d at 1165; *see also Ex Parte Royall*, 117 U.S. at 251-52. Thus, the Court will summarily dismiss this matter as frivolous and repetitive litigation.

The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 10th day of March, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge